IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTOTECH TECHNOLOGIES LIMITED PARTNERSHIP,<br><br>    Plaintiff,<br><br>vs.<br><br>AUTOMATIONDIRECT.COM, INC.,<br>TIMOTHY HOHMANN and KOYO<br>ELECTRONICS INDUSTRIES CO., LTD.<br><br>    Defendants.<br><br>AUTOMATIONDIRECT.COM, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>AUTOTECH TECHNOLOGIES L.P.,<br>AVG ADVANCED TECHNOLOGIES, INC.,<br>SHALLI INDUSTRIES, INC., and<br>SHALABH KUMAR,<br><br>    Defendants. | No. 05 C 5488<br><br>Judge James F. Holderman<br><br>Magistrate Judge Jeffrey Cole |

## MEMORANDUM OPINION AND ORDER

  Automationdirect.com ("ADC") moves to compel the production of advertising materials from Autotech Technologies L.P. ("Autotech"), AVG Advanced Technologies, Inc. ("AVG"), Shalli Industries, Inc. ("Shalli"), and Shalabh Jumar (collectively, "Autotech parties").

# I.
# BACKGROUND

ADC brought suit in the United States District Court for the Northern District of Georgia against the Autotech parties on April 11, 2005, alleging false advertising, copyright infringement, trademark infringement, unfair competition, and deceptive trade practices. The Autotech parties moved for transfer of venue or, in the alternative, to dismiss. On January 10, 2006, two days before he granted the Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) Judge Cooper conducted a hearing regarding discovery on issues pertinent to ADC's preliminary injunction motion. The Autotech parties were seeking a continuance of the hearing on that motion for the purposes of taking expedited discovery. To that end, Autotech's counsel suggested reducing the deadline for responding to written discovery from thirty days to fifteen days. Judge Cooper granted the motion for continuance, and Autotech's counsel prepared a draft order that provided for a fifteen-day response deadline. Judge Cooper signed the order the following day.

But discovery cuts both ways. On the same day as the telephonic hearing (*ADC's Motion to Compel Production of Documents*, at 2), presumably after Judge Cooper had ruled, ADC served the Autotech parties with its "Second Expedited Requests for Production." It asked for:

> Copies of all print advertising . . . for operator interface products . . . intended for inclusion in any print publication to be published between the date of this request and March 31, 2006.
>
> Printed copies of all electronic advertising . . . for operator interface products . . . intended for inclusion in any email newsletters to be sent by or on behalf of Defendants, between the date of this request and March 31, 2006.

(Id. at Ex. 1). Given the fifteen-day deadline, the Autotech parties' response to this request would have been due January 30th.

It is undisputed that the Autotech parties did not timely respond to the documents request. (*Autotech's Memorandum in Opposition to Motion to Compel*, at 2-3). ADC wrote to inquire what had happened on February 1, 2006, but received no reply. It followed up with a phone call on February 7th, and counsel for Autotech parties informed ADC that he thought a response had been submitted. (*ADC's Motion to Compel Production of Documents*, at 3). On February 9th, the parties engaged in a Local Rule 37.2 conference call regarding the discovery dispute, and ADC reiterated its request for the documents. At that point, Autotech parties' counsel told ADC that they would not be producing the discovery, and invited ADC to file a motion to compel.

According to ADC, Autotech parties' counsel also suggested that there may have been confusion regarding the obligation to respond as a result of the transfer of the case from Georgia to Illinois. (*ADC's Motion to Compel Production of Documents*, at 3). The Autotech parties do not disagree with ADC's narrative, although they claim that its Illinois counsel was under the mistaken belief that its Georgia counsel had responded. A day later, according to the Autotech parties, they filed their written response. (*Autotech's Memorandum in Opposition to Motion to Compel*, at 3).[1] ADC now argues that Autotech parties have waived any objections to the discovery request at issue.

## II.
## ANALYSIS

Rule 34(b), Federal Rules of Civil Procedure, provides:

The party upon whom the request is served shall serve a written response within 30 days after the service of the request. A shorter or longer time may be directed by the court or,

---

[1] There appears to be no dispute that the Autotech parties finally did provide a written response, but they did not attach it to their responsive brief. Thus, the substance of their objections is unknown, but it would seem to have been relevance. But Autotech does not develop this point in its responsive brief.

3

in the absence of such an order, agreed to in writing by the parties, subject to Rule 29. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated.

In the instant case, a shorter time was directed by Judge Cooper, at the request of the Autotech parties, who failed to abide by the schedule they had fashioned and who now insist that they should not be held to it.

Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991); *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005); *Hobley v. Burge*, No. 03-3678, 2004 WL 1687005, *2 (N.D.Ill. July 26, 2004); *Melendez v. Greiner*, No. 01-7888, 2003 WL 22434101, *2 (S.D.N.Y. Oct. 23, 2003); *Cleveland Indians Baseball Co. v. United States*, No. 96-2240, 1998 WL 180623, *4 (N.D.Ohio Jan. 28, 1998).[2]

The Autotech parties' excuse for its failure to meet the deadline for a response is that its Illinois counsel thought its Georgia counsel had responded. (*Autotech's Memorandum in Opposition to Motion to Compel*, at 3). Autotech's present counsel in this case was on the service list for all of the proceedings

---

[2] The text of Rule 33 includes an automatic waiver provision where there has been an untimely objection. Rule 34(b) does not. Nonetheless, courts are uniform in their interpretation of the rules as permitting a finding of waiver where objections are not timely made and the objector cannot show good cause for the delay. *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005); *McCormick v. City of Lawrence, Kansas*, No. 02-2135, 2005 WL 1606595 at *4 (D.Kan. July 8, 2005). The advisory committee notes to Rule 34(b), state that "[t]he procedure provided in Rule 34 is essentially the same as that in Rule 33 . . . and . . . the discussion in the note appended to that rule is relevant to Rule 34 as well." The advisory committee's notes to the 1993 amendments to Rule 33(b) provide that it was intended "to make clear that . . . untimely grounds for objection ordinarily are waived."

4

in the district court in Georgia. Moreover, the case was transferred from Georgia here on January 12, 2006, about three weeks before the deadline for the Autotech parties' response to ADC's discovery request. On January 23, 2006, ADC emailed the Autotech parties' Georgia counsel with a question concerning an advertisement Autotech had placed and whether it complied with the parties consent order. The Autotech parties' Georgia counsel responded by email the same day, informing ADC that its representation was terminated as of the transfer of the case to Illinois and forwarding ADC's concerns to the Autotech parties' Illinois counsel. That was a week before the deadline. It is difficult to give credence then to the notion that the lawyers in Chicago and in Georgia did not know what each other was doing. But if they did not, it was because they chose not to keep themselves informed.

The Autotech parties sought and obtained accelerated discovery and transfer of the case to Chicago. There is nothing so complicated about these occurrences or the rather simple discovery that was sought that should have engendered confusion about who was doing what and when. The claim of innocent and excusable mistake is also inconsistent with Autotech's failure to have responded to the letter of February 1, 2006 from ADC regarding the overdue discovery and with its failure even to have made an appropriate inquiry of Georgia counsel as late as February 9, 2006.

Throughout the range of the law, there are time limits imposed on litigants at every stage of the case: some are mandatory and admit of no deviations; others are more flexible. But in each instance, lawyers who do not pay heed to deadlines do so at substantial peril to their and their clients' interests. Even a day's delay can be fatal. *Raymond v. Ameritech Corp.*, 442 F.3d 600 (7th Cir. 2006)("'We live in a world of deadlines.... The practice of law is no exception."); *Reales v. Consolidated Rail Corp.*, 84 F.3d 993,

996 (7th Cir. 1996). This is such a case.[3]

## CONCLUSION

For the foregoing reasons, ADC's motion to compel production of documents responsive to its "Second Expedited Requests for Production" [#117] is GRANTED. The requested documents shall be produced within seven days from the date of this order.

ENTER: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 5/11/06

---

[3] Concerns about delays are nothing new either in law or life. *See Mallory v. Kirwan*, 2 U.S. 192, 193 (1792); *The Key City*, 81 U.S. 653, 655 (1871); *Curtner v. United States*, 149 U.S. 662, 676 (1893); *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 269 (1982)(encouragement of delay is fatal to the vindication of the criminal law); *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 533 (N.D.Ill. 2005)(collecting cases); *United States ex rel. Tyson v. Amerigroup Illinois*, 230 F.R.D. 538, 545 (N.D.Ill. 2005). Shakespeare warned of the dangers of delay: "Defer no time delays have dangerous ends." Henry VI, Part 1 (1592) Act III, sc. ii 1.33. Judge Holderman and the Seventh Circuit are partial to Twelfth Night. *Saunders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995)("in delays there lies no plenty."); *Centagon, Inc. v. Board of Directors of 1212 Lake Shore Drive Condominium Association*, 2002 WL 356483 at *8 (N.D.Ill. 2002). It matters not, the point is the same.