IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTOTECH TECHNOLOGIES LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOMATIONDIRECT.COM, INC., TIMOTHY HOHMANN and KOYO ELECTRONICS INDUSTRIES CO., LTD.<br><br>Defendants. | No. 05 C 5488<br><br>Chief Judge James F. Holderman<br><br>Magistrate Judge Jeffrey Cole |
| AUTOMATIONDIRECT.COM, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>AUTOTECH TECHNOLOGIES L.P., AVG ADVANCED TECHNOLOGIES, INC., SHALLI INDUSTRIES, INC., and SHALABH KUMAR,<br><br>Defendants. | |

## MEMORANDUM OPINION AND ORDER
## RE: PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

The current dispute between the parties involves Autotech Technologies Limited Partnership's ("Autotech") complaint that Automationdirect.com ("ADC") has been abusing the Protective Order entered in this case to frustrate discovery by labeling indiscriminately and improperly hundreds of documents as "Outside Attorney's Eyes Only." To resolve the problem,

Autotech has asked me to review *in camera* "over 1,000 pages of documents" to determine the propriety of the designations. (*Amended Confidential Memorandum*, at 4). Since the filing of the motion, the number has been revised downward to a more manageable 417 pages, which has further been reduced by ADC's declassification of some 231 pages. The parties disagree on whether they have had the requisite Rule 37 conference. Autotech insists they have; ADC denies it and that its declassification was based on a unilateral reassessment of the initial designations. Either such a conference was held and the declassification proves the wisdom of the requirement of the conference as a precondition to seeking judicial relief, or it was not, proving that since wisdom too often never comes, one ought not to reject it merely because it comes late. *Hensley v. Union Planters Nat. Bank & Trust Co.*, 335 U.S. 595, 600 (1949)(Frankfurter, J, dissenting).

In any event, the parties have now finally agreed that there are approximately 200 documents still in dispute. The most effective way of dealing with the remaining documents is to have the parties actually meet and review them document-by-document. Only after the parties have completed this process and certified in writing their efforts to the court, will an *in camera* inspection of the very few – if any – documents that ought to remain at issue, take place.

Should an *in camera* inspection be necessary, it will not relieve the parties of their responsibilities. For each document that remains at issue, Autotech shall file a log that provides (1) a description of each document's contents, (2) an explanation of its significance to the case, and (3) a comprehensive explanation of why the designation is improper. After all, only Autotech knows which documents it contends were inappropriately designated and why. Following Autotech's filing of this log, ADC shall respond, explaining, document-by-document, any disagreement as to categories (1) and (2), and explaining why the document in question was properly designated. Only

then can I be assured of the necessary adversarial presentation that is essential to informed adjudication. *Cf. United States v. Cronic*, 466 U.S. 648, 655 (1984); *Burdett v. Miller*, 957 F.2d 1375, 1380 (7th Cir. 1992)(Posner, J.); *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 613 (7th Cir.2006).

As to the few, if any, documents about which agreement cannot be reached, it will be helpful for the parties to look to the law applicable to privilege logs as their guide. *See* Fed.R.Civ.P. 26(b)(5); *James J. Binns, P.C. v. Flaster Greenberg, P.C.*, 2006 WL 2982141, *2 (N.D.Ill. 2006)("The purpose of a log is to provide the opposing party and the Court with information sufficient to assess the claim . . ."); *Ludwig v. Pilkington North America, Inc.*, 2003 WL 22242224, *3 (N.D.Ill. 2003)(". . . the court has the right to insist on being presented with sufficient information to make [its] decision."); *Smithkline Beecham Corp. v. Apotex Corp.*, 193 F.R.D. 530, 534 n.4 (N.D.Ill. 2000)("This might appear a burdensome task in a case involving [hundreds of documents], but it would be far more burdensome for one who is neither familiar with any of the documents nor has any vested interest in" whether they are appropriately designated.).

For the foregoing reasons, Autotech's motion to compel and for sanctions [#279; #282] is DENIED, and the parties are to proceed as instructed to meet and confer not later than 8/8/07. The parties shall have one week thereafter to prepare the necessary submission to the court. The next status date will be 8/23/07 at 9:30 a.m. The previous minute order of 7/25/07 setting the time for 9:00 a.m. is stricken.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 7/26/07

3