IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTOTECH TECHNOLOGIES LIMITED PARTNERSHIP, <br><br> Plaintiff, <br><br> vs. <br><br> AUTOMATIONDIRECT.COM, INC., TIMOTHY HOHMANN and KOYO ELECTRONICS INDUSTRIES CO., LTD. <br><br> Defendants. | <br><br><br><br><br><br><br><br><br> No. 05 C 5488 <br><br> Chief Judge Holderman <br><br> Magistrate Judge Cole |
| AUTOMATIONDIRECT.COM, INC., <br><br> Plaintiff, <br><br> vs. <br><br> AUTOTECH TECHNOLOGIES L.P., AVG ADVANCED TECHNOLOGIES, INC., SHALLI INDUSTRIES, INC., and SHALABH KUMAR, <br><br> Defendants. | |

MEMORANDUM OPINION AND ORDER
RE: AUTOTECH'S MOTION TO COMPEL DOCUMENTS AND
GENERAL INSTRUCTIONS FOR ALL FUTURE DISCOVERY DISPUTES

On September 4, 2007, Autotech filed its Motion to Compel ADC to produce C-More Documents. The motion included what purported to be a certification of counsel "pursuant to Rule 37(d)." It stated that "[m]eetings have taken place in person, by telephone, and by letter correspondence." While Rule 37(d), Federal Rules of Civil Procedure, requires no more than a

simple statement that the movant has conferred in good faith with its opponent, the Local Rules of the Northern District of Illinois require more. Under Local Rule 37.2:

> this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. *Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein.* Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

(N.D.Ill. L.R. 37.2 (emphasis supplied)).

Autotech's "certification" fails to indicate the date, time, or place of the purported meetings, and does not include the names of all participants. Accordingly, the "certification" is insufficient, the motion [# 394] will not be considered pursuant to the local rules. It is denied without prejudice.

This insistence on compliance with local rules is necessitated by the history of the discovery disputes in this case. The current round of pending motions now puts the total of discovery motions at approximately 22. Beginning with ADC's motion for a protective order on January 18, 2007, that is a rate of one discovery motion approximately every 18 business days. It is also necessitated by the purpose served by Local Rule 37.2.

The Seventh Circuit has stressed the importance of compliance with Local Rules. *See FTC v. Bay Area Business Council, Inc.*, 423 F.3d 627 (7th Cir.2005). But Local Rules have their limitations, and like all rules, they must have sufficient flexibility and must be applied to accomplish the ends of justice and "not bury it beneath the pressure of their own weight," Joseph Story, Miscellaneous Writings, 210 (1852). For that reason, courts have broad discretion to determine how and when to enforce local rules, *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th

Cir.1994), and they have the inherent authority to decide when a departure from their Local Rules should be excused. *Somlyo v. J. Lu-Rob Enterprises*, 932 F.2d 1043, 1048 (2nd Cir.1991). *Cf. Brengettcy v. Horton*, 423 F.3d 674 (7th Cir.2005) ( "noncompliance with a court's local rules does not create a jurisdictional bar for the district court or for us."). An appropriate circumstance for excusing non-compliance with rules is when compliance would have been an exercise in futility. *See Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 474 (N.D.Ill. 2007)(collecting cases).

My initial reaction to the motion to compel the C-More documents was to excuse the cursory Rule 37.2 certificate under the doctrine of futility. But further reflection and the parties' handling of Autotech's "attorney's eyes only" motion convinced me that Rule 37 should be strictly enforced in connection with this and all further motions. The purpose of Local Rule 37.2 is "[t]o curtail undue delay and expense in the administration of justice." The Rule ultimately rests on what Holmes called the shortness of life and the reality that there is a never-ending queue of cases that compete for judicial attention. Each hour *needlessly* spent on a dispute could be profitably spent on a case in which resolution of the issues could only come from the court. *See Chicago Observer, Inc. v. City of Chicago*, 929 F.2d 325, 329 (7th Cir. 1991)("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention."). Indeed, this is a problem that the Seventh Circuit has repeatedly addressed. *See, e.g., Otto v. Variable Annuity Life Ins. Co.*, 134 F.3d 841, 854 (7th Cir.1998); *Szabo Food Service, Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir.1987); *Channell v. Citicorp Nat. Services, Inc.*, 89 F.3d 379, 386 (7th Cir.1996). *Cf. Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006)(Easterbrook, J.)(in chambers).

In light of all that has occurred, it seems to me that the most effective way to ensure that this case does not break down over disputes that could be resolved if the parties put forth greater effort to resolve their disputes, is to require strict compliance with Local Rule 37.2. Consequently, all

further motions seeking to compel compliance with discovery must strictly comply with Local Rule 37.2 and must also include a detailed report of the parties' efforts to resolve their dispute, including the arguments made, offers of compromise made and rejected, and reasons given for any rejections. Any deficiency will result in the motion being stricken." The general format may follow a privilege log – but a comprehensive one.

## CONCLUSION

Autotech's motion to compel C-More documents [#394] is DENIED without prejudice.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 9/10/07