KW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AUTOTECH TECHNOLOGIES LIMITED PARTNERSHIP, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AUTOMATIONDIRECT.COM, INC., ) <br> TIMOTHY HOHMANN and KOYO ) <br> ELECTRONICS INDUSTRIES CO., LTD. ) <br> ) <br> Defendants. ) <br> _____ ) <br> ) <br> AUTOMATIONDIRECT.COM, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AUTOTECH TECHNOLOGIES L.P., ) <br> AVG ADVANCED TECHNOLOGIES, INC., ) <br> SHALLI INDUSTRIES, INC., and ) <br> SHALABH KUMAR, ) <br> ) <br> Defendants. ) | No. 05 C 5488 <br><br> Chief Judge Holderman <br><br> Magistrate Judge Cole |

## MEMORANDUM OPINION AND ORDER RE:
## MOTION TO STRIKE "ATTORNEYS' EYES ONLY" DESIGNATIONS

This is the second part of the dispute over whether documents produced in discovery by ADC have properly been designated "Outside Attorneys' Eyes Only." Under the Stipulated Protective Order, parties could designate documents as "Outside Attorneys' Eyes Only" if, *inter alia*, the producing party believes in good faith the documents contain information that would be of competitive value to the receiving party, including without limitation, technical and financial

information. This issue has been previously briefed; however, as discussed in the Memorandum Order of July 26, 2007, there was insufficient information from which to draw conclusions about their competing positions regarding the 1,000 pages of documents that the parties insisted they could not agree on and consequently submitted for *in camera* review.

The parties were ordered to meet in person and actually confer on a document-by-document basis about the propriety of each designation. It seemed apparent that despite the clarity of the meet and confer provisions and their salutary purpose, they had not taken sufficient time to discuss and analyze the mass of documents that were in dispute. The meeting was to take place no later than August 8, 2007, and the parties were to certify their efforts in writing. (*Memorandum Opinion and Order of July 26, 2007*, at 2 (Dkt. #368)).

If any controversy remained, Autotech was to file a log covering the documents still at issue, following a format set out in the Memorandum Opinion and Order of July 26, 2007, similar to that of a privilege log. ADC was to respond in kind. (*Memorandum Opinion and Order of July 26, 2007*, at 2 (Dkt. # 368)). The filings were due one week after the parties had met, or no later than August 15, 2007. (*Minute Order of July 26, 2007* (Dkt. # 367)). These efforts were extraordinarily fruitful and prove the wisdom of Local Rule 37.2: the number of disputed documents decreased from 1,000 pages to just 82 pages.

This, ADC insists, is due to *its* "spirit of compromise and interest [in] minimizing the Court's burden." (*Response of ADC*, at 2). Maybe. But one may legitimately wonder where the spirit of compromise was at the time of the initial submission of 1,000 pages of disputed documents. But since "[w]isdom too often never comes...one ought not to reject it merely because it comes late." *Henslee v. Union Planters Nat. Bank & Trust Co.*, 335 U.S. 595, 600 (1949)(Frankfurter, J.,

dissenting). Whatever the reasons for the spirit of compromise manifested by the substantially reduced submission, it is welcomed. Moreover, the new procedures ordered in the Memorandum Opinion and Order of 9/10/07 regarding the C-More documents should ensure this new spirit of camaraderie and cooperation.

After a review of the documents and ADC's submission, the rulings are as follows:

**ADC Bates Stamp No. 15482-15502** (*see* Autotech's Confidential Submission, Ex. 2).

This document, dated May 12, 2002, covers "Preliminary Marketing Specifications" for a touch panel product designed to replace the EZTouch product in the market. It begins with a "mission statement" that envisions six desirable features for the new product, ideas about compatibility with certain software packages, lists of planned specifications, etc. Although the document is five years old, according to the ADC's Business Development Team Manager, Gary Marchuk, many of these points have not been fully developed or realized in an ADC product. Accordingly, it is arguable that the information would be of competitive value to Autotech. The attorneys' eyes only designation is upheld.

**ADC Bates Stamp No. 15354-15367** (*see* Autotech's Confidential Submission, Ex. 3).

This document appears to be the agenda of an October 15, 2003 meeting regarding the touch panel product designed to replace the EZTouch product in the market. There is really little technical or financial information, with the document essentially made up of bullet points for the meeting. Mr. Marchuk's affidavit does not "describe [as ADC argues] in detail certain issues concerning the development of software to convert EZ TOUCH project files to the new product." (*Response of ADC*, at 7; Marchuk Decl., ¶ 6). Without more explanation from ADC, it is difficult to see how the "diagram schematics of concerning file conversions" – which appear to be very rudimentary

3

representations of a user interface with not information whatever regarding underlying software – would provide any competitive value to Autotech. As ADC concedes, it was no secret that it was working to develop a conversion feature with Koyo. (*Response of ADC*, at 7; Marchuk Decl., ¶ 6). The designation should be removed.

**ADC Bates Stamp No. 6892-6895** (*see* Autotech's Confidential Submission, Ex. 4).

This document is an email exchange, dated July 10, 2003, regarding design of, and material options for, the replacement product. The information is fairly detailed, and would seem to be of competitive value to Autotech. Although the product has been released, the technical information regarding the product discussed in this document was not made public. (*Response of ADC*, at 8; Marchuk Decl., ¶ 7). The designation is upheld.

**ADC Bates Stamp No. 15075-15108** (*see* Autotech's Confidential Submission, Ex. 5).

This document is another set of "bullet points" focusing entirely on sales strategy. It does not contain any technical or financial information. Examples of the bullet points include targeting top customers, organizing seminars for customers regarding product features, and some puffing about ADC. There is only one reference to a specific customer that ADC hoped to target. That reference may be redacted. Beyond that, it is difficult to see how this would be of competitive value to Autotech. The designation should be removed.

**ADC Bates Stamp No. 6911-6914** (*see* Autotech's Confidential Submission, Ex. 9).

The content of this document, a series of email exchanges from the last week of December 2002, is similar in content to ADC Bates Stamp No. 6892-6895. It includes discussion of design specifications and goals for a new product, including some technical information. The new product has not yet been released by ADC. (*Response of ADC*, at 9-10; Marchuk Decl., ¶ 9). The document

4

is of apparent competitive value to Autotech. The designation is upheld.

**ADC Bates Stamp No. 6992-6996** (*see* Autotech's Confidential Submission, Ex. 10).

This document, dated November 16, 2004, is a fairly detailed discussion of timelines for development and testing of both the replacement product and the new, as yet unreleased product. ADC is concerned with references to the unreleased product (*Response of ADC*, at 9-10; Marchuk Decl., ¶ 10), it would appear that the discussion of both products is intertwined. ADC should, if possible, redact information relating only to the released product as it appears it can. Especially in the case of the diagrams, it must do so. As for the remainder, the designation is upheld.

## CONCLUSION

Autotech's Motion [#282] is GRANTED in part and DENIED in part. ADC is hereby ordered to make the necessary redactions and designation changes set forth in this order within ten days.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 9/10/07