**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AUTOTECH TECHNOLOGIES LIMITED PARTNERSHIP, et al. | ) ) | |
| Plaintiff / Counter-Defendant | ) | Civil Action No.:  1:05-cv-05488 |
| v. | ) | |
| | ) | Chief Judge James Holderman |
| AUTOMATIONDIRECT.COM, INC., et al. | ) | |
| Defendant / Counter-Plaintiff. | ) | |
| | ) | |

**ADC'S MOTION *IN LIMINE* FOR THE COURT TO DETERMINE THE COPYRIGHTABILITY OF AUTOTECH'S  COMPUTER GRAPHIC OBJECTS AS A MATTER OF LAW**

Defendants AutomationDirect.com and Hohmann (collectively, "ADC") move *in limine* for a ruling that this Court will determine the copyrightability of Shaltech Inc.'s ("Shaltech") computer graphic objects as a matter of law.

## I. Introduction

After the start of this litigation, Shaltech applied to the U.S. Copyright Office for a copyright on several pictorial or graphic works which are computer graphic objects. Those objects are part of the software that accompanies the touch panel product that became known as EZTouch and was manufactured by Autotech to ADC's specifications for worldwide distribution exclusively by ADC.  Users may select and customize any of the computer graphic objects for use on the touch panel screens so that the function performed by each object may be defined by the user.

The Copyright Office initially rejected Shaltech's application for a copyright in the pictorial or graphic works which include an analog clock, an analog meter, a bar graph, a text entry keypad, a trend graph, a PID faceplate (an industrial speed control analogous to the cruise control on a car), a thumbwheel and various screen displays. *See* Exhibit 1.  In response, Shaltech submitted a short audiovisual work demonstrating the functions of the objects and screens.  *Id.*

## II. COPYRIGHTABILITY IS A PRELIMINARY ISSUE FOR THE COURT TO DECIDE

Seventh Circuit courts have held consistently that determinations as to the copyrightability of subject matter at issue in copyright litigation is a question of law to be determined by the court and not by the jury.  *See Publications Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473, 478 (7th Cir. 1996) (finding that determination of whether plaintiff owned "protectable subject matter under the federal copyright laws" was a question involving "interpretation of statutory law"); *Bryant v. Gordon*, 483 F. Supp. 2d 605, 615 (N.D. Ill. 2007) ("The issue of copyrightability, at least in this Circuit, is a question of law (albeit one that is fact-specific) to be determined by the court."); *Int'l Code Council, Inc. v. Nat'l Fire Protection Ass'n, Inc.*, 2006 WL 850879 at *13 (N.D. Ill. 2006).

## III. SHALTECH'S COMMON, UTILITARIAN OBJECTS ARE NOT COPYRIGHTABLE

To establish copyright infringement, Shaltech must prove: 1) ownership of a valid copyright, and 2) copying of constituent elements of the work that are original.  Thus, federal copyright law protects only original works of authorship.  *Feist Publi'ns, Inc. v. Rural Tel. Serv. Co.*, 449 U.S. 340, 345 (1991).  Works that are not considered original include familiar symbols or designs, such as lettering or coloring; ideas, plans, methods, systems or devices; and works consisting entirely of information that is common property containing no original authorship, such as tape measures and rulers, and lists or tables taken from public documents or other common sources are not subject to copyright protection.  37 C.F.R. § 202.1.  The various objects in which Shaltech claims a copyright such as clocks, graphs and other standard industrial measuring devices are such "common property" in which no one can own a copyright.

Importantly, useful articles and functional elements are also excluded from copyright protection.  A "useful article" is an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information.  *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1012 (7th Cir. 2005).  The design of a "useful article" may only be considered a pictoral or graphic work if such design incorporates pictorial or graphic features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of

2

the article.  Moreover, if there are only a very limited number of possible ways to express a particular idea, then the expression may be said to "merge" with the idea. Where idea and expression are indistinguishable, the copyright only will protect against identical copying.  *Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 616 (7th Cir. 1982).

In this case, the computer graphic objects depicted in the video do not contain any original works of authorship.  Instead, the objects consist of templates of familiar designs and devices, common throughout industry, generally and the computer graphics industry, in particular.  There are only a limited number of ways to express the idea of clocks, graphs, meters, buttons, and numeric and text entry screens.  Moreover, each of these objects has an intrinsic utilitarian function that renders the expression of the idea indistinguishable from the idea itself.  Therefore, none of these graphic objects consists of protectible subject matter because each of them fails to meet the originality requirement necessary to confer copyright protection as a matter of law.

### IV.  ORDER IN LIMINE

For the reasons discussed above, Defendants respectfully request that the issue of copyrightability be determined by this Court as a matter of law.

Respectfully submitted,

**AUTOMATIONDIRECT.COM AND THOMAS C. HOHMANN**

By :/s/ Barry F. Mac Entee
    One of their attorneys

Kevin J. Burke (6184192)
Barry F. Mac Entee (6275410)
Alan R. Lipton (6275472)
Hinshaw & Culbertson LLP
222 N LaSalle St., #300
Chicago, IL 60601
312-704-3000

Virginia S. Taylor, *Pro Hac Vice*
Susan A. Cahoon, *Pro Hac Vice*
James A. Trigg, *Pro Hac Vice*
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4530