IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AUTOTECH TECHNOLOGIES, LIMITED PARTNERSHIP, (referred to as "Tech"),<br><br>            Plaintiff,<br>v.<br><br>AUTOMATIONDIRECT.COM, INC., et al. (referred to as "ADC"),<br><br>            Defendants. | Case No. 05 C 5488<br><br>Chief Judge James F. Holderman |

## DEFENDANT ADC'S RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant AutomationDirect.com, Inc. ("ADC"), by its attorneys, here moves this Court to enter judgment as a matter of law pursuant to FRCP 50(a) in its favor and against Plaintiff Autotech Technologies Limited Partnership (ATLP). In support thereof, ADC states as follows:

I. **TECH did not prove that it performed all of its material obligations under the Joint Exhibit 1 ("Agreement")**

1. ADC is entitled to judgment as a matter of law because TECH failed to prove by a preponderance of the evidence that it specifically designed CE touch panels, touch monitors, and touch panel personal computers for ADC pursuant to §1.3 of the Agreement. Mr. Kumar, Mr. Tiwari, Mr. Marchuk and Mr. Hohmann all testified that TECH never specifically designed CE touch panels, touch monitors, and touch panel personal computers for ADC. TECH therefore failed to meet its burden of proving an essential element of its claim-that it performed all of its material obligations under the Agreement.

II. **TECH did not prove that ADC breached material obligations under §§1.3, 4.1 and 4.3 of the Agreement**

2. ADC is also entitled to judgment as a matter of law because TECH failed to prove by a preponderance of the evidence that ADC had a contractual obligation under §1.3 of the

Agreement to sell touch panel personal computers, CE touch panels and touch monitors, which products TECH never designed for ADC, or that ADC breached §1.3 of the Agreement as a result of ADC not selling these products for TECH. Mr. Kumar, Mr. Tiwari, Mr. Marchuk and Mr. Hohmann all testified that TECH never specifically designed CE touch panels, touch monitors, and touch panel personal computers for ADC. TECH therefore failed to prove an essential element of its case-that ADC breached material obligations under the Agreement.

3. With respect to §4.1 of the Agreement, TECH failed to prove by a preponderance of the evidence that ADC breached its obligation to use best efforts to distribute the Products in the Territory and to secure a fair and increasing share of the market for the Products in the Territory. Mr. Hohmann's testimony establishes that ADC increased its sales every year and TECH introduced no evidence to establish the size of the market or that ADC failed to capture a fair and increasing share of it. TECH therefore failed to prove an essential element of its case with respect to the claimed breach of § 4.1 of the Agreement.

4. With respect to §4.3 of the Agreement, TECH failed to prove by a preponderance of the evidence that ADC failed to keep confidential any information marked and identified confidential. There is no evidence in the record that plaintiff's Exhibit 224 was provided to KOYO and there is no evidence in the record establishing that or how KOYO used Plaintiff's Exhibit 224. TECH therefore failed to prove an essential element of its case with respect to the claimed breach of § 4.3 of the Agreement.

WHEREFORE, ADC requests that the Court enter judgment as a matter of law pursuant to FRCP 50(a) in its favor and against Plaintiff.

2

130017481v1 0859229 41653

Respectfully submitted,

**AUTOMATIONDIRECT.COM AND THOMAS C. HOHMANN**

By :/s/ Barry F. Mac Entee
    One of their attorneys

Kevin J. Burke (6184192)
Barry F. Mac Entee (6275410)

Hinshaw & Culbertson LLP
222 N LaSalle St., # 300
Chicago, IL 60601
312-704-3000

3

130017481v1 0859229 41653